**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelet Michael Smith, | No. CV-25-01441-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| David McDowell, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Reconsideration (Doc. 56) of this Court's Order granting Defendants' Motion to Dismiss (Doc. 54, Order). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp*., 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in

1  opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

As Plaintiff presents no newly discovered evidence or intervening change in controlling law, the Court construes his motion as one based on the assertion that the Court has committed a clear error in dismissing his complaint with prejudice. Plaintiff argues that the Court misapplied the *Rooker-Feldman* doctrine, erred in relying on the Second Amended Complaint to dismiss all claims, and failed to rule on Plaintiff's Motion for Leave to File Surreply (Doc. 49) and Defendants' Motion to Exceed Page Limit for Motion to Dismiss (Doc. 40). (Doc. 56 at 1–3.)

The Court is unpersuaded by Plaintiff's Motion. First, Plaintiff raises no argument here not already fully raised in Plaintiff's Opposition to Defendants' Motion to Dismiss (Doc. 45), Plaintiff's Motion for Leave to File Surreply, and Plaintiff's Reply in Support of Motion for Leave to File Surreply (Doc. 53). In considering those fully briefed arguments, the Court reached its Order and finds no clear error in doing so.

Second, the Court committed no clear error in considering Plaintiff's Second Amended Complaint and voluntarily dismissed state law claims in dismissing Plaintiff's First Amended Complaint. The Court found that the full universe of claims brought by Plaintiff, even those that were voluntarily dismissed or improperly added later, would suffer the same defects—namely, that the Court lacked subject matter jurisdiction over the claims and the claims were barred under judicial and quasi-judicial immunity. Because such defects would persist even through an amendment, the Court dismissed this matter with prejudice.

Third, the Court reached its Order without considering the pages in Defendant's Motion to Dismiss that exceeded the seventeenth page. It said as much in its prior Order. There was no clear error in denying Defendant's Motion to Exceed Page Limits (Doc. 40) as moot.

. . .

. . .

**IT IS ORDERED** denying Plaintiff's Motion for Reconsideration (Doc. 56.)

Dated this 30th day of September, 2025.

Honorable John J. Tuchi
United States District Judge